UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
KENNETH ODOM,                                   :
                                                :
            Plaintiff,                          :    Civil Action No.  3:13-CV-01231 (SRU)
-against-                                       :
                                                :
                                                :
                                                :
DIVERSIFIED CONSULTANTS, INC.,                  :    October 28, 2013
                                                :
            Defendant.                          :
                                                :
---------------------------------------------------X

## DEFENDANT DIVERSIFIED CONSULTANTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant Diversified Consultants, Inc. ("DCI" or Defendant"), by and through its attorneys, as and for its Answer to the Complaint of Plaintiff, Kenneth Odom ("Plaintiff"), hereby states as follows:

1.  Defendant admits that Plaintiff purports to bring a Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), however Defendant denies that Plaintiff has a valid basis for doing so.

2.  The allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

AM 24818637.1

3. Defendant admits the allegation that Plaintiff is a natural person. The allegation that Plaintiff is a consumer states a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies that Plaintiff is a consumer. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant is not required to respond to paragraph 6 of the Complaint as it sets forth no allegations against Defendant. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits that it sometimes uses the mail while attempting to collect debts on behalf of its clients. The allegation that Defendant is a debt collector as defined by the FDCPA states a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies that it is a debt collector.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. The allegations set forth in paragraph 12 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the statute speaks for itself.

13. The allegations set forth in paragraph 13 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant has no civil liability under the FDCPA as any violation was an unintentional, bona fide error and occurred despite the maintenance of procedures reasonably adapted to avoid such violation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by applicable Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant did not breach any legal duty to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE,** Defendant Diversified Consultants, Inc., demands judgment in its favor and against Plaintiff Kenneth Odom, dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated at Hartford, Connecticut this 28th day of October, 2013.

        **DEFENDANT,**
        **DIVERSIFIED CONSULTANTS, INC.**

        By: */s/ Tara L. Trifon*
            Tara L. Trifon (ct28415)
            Edwards Wildman Palmer, LLP
            20 Church Street
            Hartford, CT 06103
            Tel. (860) 525-5065
            Fax. (860) 527-4198
            Email: ttrifon@edwardswildman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I hereby certify that a copy of this pleading will be facsimile transmission, electronic mail, and/or United States mail, properly addressed, and postage prepaid, to any non CM/ECF participants.

DATED: October 28, 2013

                                                 By:    */s/ Tara L. Trifon*
                                                                     Tara L. Trifon